[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PREJUDGMENT REMEDY
Plaintiff brings this action in four counts against the two defendants. The basic claim is against the defendant Philip K. Schnabel (Philip) to collect on a judgment of some $493,660.60. Here plaintiff alleges fraudulent transfers from Philip to Philip's wife, Ruth K. Schnabel (Ruth), without consideration in violation of Conn. Gen. Stats.52-552 and Public Act 91-297. Plaintiff also claims both a constructive and a resulting trust.
Plaintiff applies for a prejudgment remedy.
Facts for Prejudgment Remedy
On June 8, 1988, the plaintiff filed a notice of intent to sue Philip for violation of federal and state law with the Clerk of the Town of Rocky Hill, Connecticut. On or about February 20, 1990, the plaintiff filed that suit, in the form of a counterclaim, against Philip alleging violations of his federal civil rights under 42 U.S.C. § 1983, and alleging that Schnabel had committed intentional torts against him causing him loss and damage. (See CV 88-0349210, Philip H. Schnabel v. Clyde R. Tyler, Judicial District of Hartford-New Britain at Hartford). On December 13, 1991 a jury returned a verdict in favor of plaintiff and against Philip in the amount of $370,000.00 for compensatory and punitive damages. On that same day, the trial court entered an order granting plaintiff CT Page 2273 a prejudgment remedy in the full amount of $370,000.00 plus costs. Thereafter, on December 19, 1991 the court entered judgment for plaintiff in the amount of $370,000.00 in compensatory and punitive damages and $123,660.60 on attorney's fees plus taxable costs. That judgment has been stayed by an appeal.
Ruth and Philip have been married for thirty-seven years. Throughout their marriage, Ruth has not been employed. Other than Philip's earned income, Ruth's only source of funds has been an inheritance from her mother obtained in 1984 or 1985, and possible gifts from Ruth's family in Germany. Since 1985, Ruth and Philip have lived together in Rocky Hill, Connecticut. They filed joint tax returns, maintained two joint checking accounts and also are joint owners of approximately five different credit cards.
Philip earned about $700.00 in 1992 in legal fees from his practice as an attorney. He has reinvested this money in his business, which operates out of his home, to pay his expenses. Since 1977, Philip has received pension benefits from the New York City Police Department in the amount of $2,092.00 per month. No portion of this benefit is allocated to Ruth. This sum is directly deposited into a savings account maintained by Ruth in New York State. Philip also receives a $60,000.00 a year salary from the Town of Rocky Hill. He receives a net paycheck of approximately $1,600.00 bi-weekly, which he signs over to Ruth upon receipt. She then deposits this check in her checking account, maintained at Connecticut National Bank in Rocky Hill. These funds, both from Philip's pension check and his paycheck, are then used by Ruth to pay joint living expenses of the defendants, including mortgage payments, household bills and living expenses. These funds have also been used to pay for two automobiles registered in Ruth's name. After Philip signs his check over to Ruth, she gives him back whatever money he needs. Any remaining funds are deposited by Ruth into one or more savings accounts in her name or are invested in mutual funds, also held in her name.
On February 26, 1990, Ruth purchased residential real property at 19 Christiana Drive in the Town of Rocky Hill, Connecticut. Both Ruth and Philip applied for a mortgage to finance the purchase of the property in the amount of $108,000.00. Both Philip and Ruth have used that property as CT Page 2274 a principal residence since March 1990. Ruth used $70,000.00 from one of her investment accounts to put a down payment on the home, and took an additional $21,000.00 out of these same accounts, part of which was used to purchase furniture for the home.
In November 1990, Philip received settlement proceeds from a case entitled Schnabel v. Whitman, netting a total of $113,725.00 after payment of all expenses. He transferred all of these funds to Ruth. This rendered Philip insolvent. Defendants claim that this payment from Philip to Ruth represented "repayment" for Ruth Schnabel's $70,000.00 down payment on her Rocky Hill home, and repayment of financing for Philip's law school education. The court cannot so find for the purposes of this application.
Philip had financed that education by taking out loans in the approximate amount of $25,000.00 between 1983 and 1987. Both Philip and Ruth co-signed for those loans which were financed through Citibank and other lenders. These loans were fully paid as of 1987 or 1988. Any payments made by Ruth, both for the down payment on the Rocky Hill home and repayment of the law school loans came from her investments, which were purchased from Philip's earned income, and money she received from her family.
After transferring the settlement proceeds to his wife, Philip had no funds other than $25.00 in a checking account.
Ruth also owns a home in Chester, New York, which Philip and Ruth have used as a "vacation home" since 1985 on a weekly basis. Since August 1989, approximately $48,000.00 in renovations have been performed on that home. Initially, the money to pay for these renovations was "borrowed" from an inheritance held in trust for the defendants' children and grandchildren. Those trust funds were later repaid, between April 1990 and mid-1991 from funds earned by Philip.
This action was brought September 14, 1992.
Ruth is an "insider" under Conn. Gen. Stats.52-582(b)(7).
It is possible that the Town of Rocky Hill may directly CT Page 2275 or by insurance be required to protect Philip against the liability imposed by the subject judgment. However, that has not been shown to be true or probably true and, therefore, cannot be used by the court.
The court finds probable cause that plaintiff will prevail on his judgment against Philip. It is a final judgment. If it were not it could not be appealed. Practice Book 4000. cf. Preisner v. Aetna Casualty Surety Co., 203 Conn. 407.
LAW
Conn. Gen. Stats. 52-552
and
Public Act 91-297[1]
Plaintiff's claim arose January 8, 1988. The transfer of the $113,725.00 to Ruth, an "insider", occurred more than two years later. Thus, the transfer is fraudulent as to plaintiff under Conn. Gen. Stats. 52-552f(b) if Ruth "had reasonable cause to believe that [Philip] was insolvent" and if he were in fact insolvent. He was. A fact-finder might conclude that she must have known it. However, even in this probable cause hearing this court must recognize the different standards of proof which will prevail on the trial of this action. Plaintiff then will be required to prove fraud by clear and convincing evidence. Gaudio v. Gaudio,23 Conn. App. 287, 307. The court cannot find probable cause for that.
Application is denied.
N. O'Neill, J.